TASHIMA, Circuit Judge,
specially concurring in part and dissenting in pari:
Judge Silverman is, of course, entirely correct that Plaintiffs’ challenge to Proposition 209 is foreclosed by Coalition for Economic Equity v. Wilson, 122 F.3d 692 (9th Cir.1997) (“Wilson II”). I continue to believe now, as I did when the case was decided, that Wilson II was wrongly decided. See Wilson II, 122 F.3d at 711-12 (Schroeder, J., dissenting from the denial of rehearing en banc); id. at 712-18 (Norris, J., respecting the denial of rehearing en banc). Because, however, Wilson II remains the law of the circuit and, as Judge Silverman states, “[w]e are bound by Wilson II,” I concur in Part III.B. of the majority opinion.
Part III.A is a different matter. I disagree with the majority’s conclusion that the district court correctly denied Eleventh Amendment immunity to defendant Mark Yudof, as President of the University of California. Maj. Op. at 1134-35. I therefore dissent from Part III.A.
The majority relies on L.A. Cnty. Bar Ass’n v. Eu, 979 F.2d 697 (9th Cir.1992), to hold that because Yudof has a “fairly direct connection” with enforcement of § 31,1. he therefore is not immune from suit pursuant to Ex parte Young. Id. at 704 (citing Ex parte Young, 209 U.S. 123, *1137 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). But with regard to Yudof s claim of Eleventh Amendment immunity, this case is more like Snoeck v. Brussa, 153 F.3d 984(9th Cir.1998), than Eu. In Eu, we addressed a statute that was “simply not the type that gives rise to enforcement proceedings.” Id. In contrast, and contrary to the majority’s assertion, the law does provide for § 31 enforcement proceedings. Cf. Snoeck, 153 F.3d at 987. Although § 31 itself does not designate a specific state entity to commence proceedings, other provisions of the California Constitution expressly charge the Governor and the Attorney General with the duty and authority to enforce the law.[2] Cal. Const. art. V, §§ 1, 13. Those State executive officers, not Yudof, are the state officials responsible for enforcement of § 31. See Coal, for Econ. Equity v. Wilson, 946 F.Supp. 1480, 1492 (N.D.Cal.1996).
In Snoeck, we held that the Eleventh Amendment barred suit against members of the Nevada Commission on Judicial Discipline who lacked authority to enforce the challenged rules through the exercise of contempt power or disciplinary authority. 153 F.3d at 987. We held that it was “only collateral, and of no consequence” that Commission members applied the rules and engaged in “ministerial, administrative practices designed to remind citizens of their duties under the rules.” Id. Like the Commission members in Snoeck, Yudof lacks the authority to execute enforcement proceedings; his statutory duty is not to punish violations of the law, but to “accept and apply [the law] ... however much [he] might disagree with [it].” Id. Although Yudof must implement § 31 like any other state law applicable to the University in the course of carrying out his duties as President, Snoeck holds that such “general administrative responsibilities” do not establish the direct connection with enforcement of the statute required by Ex parte Young. Id.
Because Snoeck is binding, I would hold that the district court erred in denying Yudof immunity. Unable to distinguish Snoeck, in the end the majority simply relies on the conclusory statement that “[a]t the University, the buck stops with Yudof.” Maj. Op. at 1135. But that assertion is mistaken as a matter of California law, under which The Regents of the University of California administer the University and are granted the “full powers of organization and government” to do so. See Cal. Const. art. IX, § 9. See also, e.g., Campbell v. Regents of the Univ. of Calif., 35 Cal.4th 311, 25 Cal.Rptr.3d 320, 106 P.3d 976 (2005) (noting that the Regents “as a constitutionally created arm of the state have virtual autonomy in self-governance” (internal quotation marks and citation omitted)). Recognizing this, the district court granted the Regents’ motion to dismiss on Eleventh Amendment immunity grounds, which dismissal has not been appealed. It is a mystery to me then, why the Regents — where the buck does stop— are entitled to Eleventh Amendment immunity, but its subordinate officer, the President of the University, is not.
As should be evident, I have never agreed with Snoeck’s holding or the rationale on which it is based. See Snoeck, 153 F.3d at 988-91 (Tashima, J., dissenting). Still, it remains the law of the circuit and this three-judge panel should give it the respect it is due. Because I conclude that Snoeck, rather than Eu, controls this case, I would reverse the district court’s denial *1138 of Eleventh Amendment immunity to defendant Yudof. I therefore respectfully dissent from Part III.A of the majority opinion.

 Proposition 209, upon its approval by the California electorate, became Cal. Const. art. I, § 31 (hereinafter "§ 31”).

. In certain circumstances, private litigants may also bring suit to enforce § 31. See Cal. Const. art. I, § 31(g) (“The remedies available for violations of this section shall be the same ... as are otherwise available for violations of then-existing California antidiscrimination law.”).